NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

PAVESTONE LLC, a foreign limited liability company; THE QUIKRETE
COMPANIES INC., a foreign corporation; BRIAN KNOLL, an individual,
*Petitioners*,

*v.*

THE HONORABLE RANDALL H. WARNER, Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA, *Respondent Judge,*

SHERRI A. TROUPE, as surviving mother of PAUL THOMAS TROUPE,
deceased; for and on her behalf individually and for and on behalf of
DOUGLAS TROUPE, surviving father of PAUL THOMAS TROUPE,
*Real Parties in Interest*.

No. 1 CA-SA 17-0195
FILED 11-9-2017

Petition for Special Action from the Superior Court in Maricopa County
No. CV2015-007846
The Honorable Randall H. Warner, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Taylor Anderson LLP, Denver, CO
By Kevin Taylor
*Counsel for Petitioners Pavestone LLC and The Quikrete Companies Inc.*

Burch & Cracchiolo PA, Phoenix
By Keith Olbricht
*Counsel for Petitioner Brian Knoll*

Panish Shea & Boyle LLP, Los Angeles, CA
By Brian J. Panish, Adam Shea, Ryan A. Casey, Patrick Gunning
*Co-counsel for Real Party in Interest*

Cunningham Law Firm, Phoenix
By Matthew B. Cunningham
*Co-counsel for Real Party in Interest*

---

**MEMORANDUM DECISION**

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge James P. Beene and Judge Kent E. Cattani joined.

---

**S W A N N**, Judge:

¶1        The plaintiff in this negligence action used a subpoena duces tecum to obtain a blood sample that law enforcement had seized from one of the defendants pursuant to a search warrant.  The superior court granted the plaintiff's motion to compel testing of the blood, and denied the defendants' opposing motion for protective order.  We grant relief because the plaintiff failed to obtain a court order for the blood's release as required by A.R.S. § 13-3920.

### FACTS AND PROCEDURAL HISTORY

¶2        Sherri Troupe ("Plaintiff") seeks punitive damages from Pavestone LLC, The Quikrete Companies Inc., and Brian Knoll (collectively, "Defendants") for Knoll's negligence in a November 2014 automobile collision that killed Plaintiff's son.

¶3 In June 2016, Plaintiff caused a subpoena duces tecum to issue to the Arizona Department of Public Safety ("DPS"). The subpoena sought, among other things, two vials of blood that DPS had obtained from Knoll under a criminal search warrant executed on the day of the collision. Without objection, DPS released the blood to Plaintiff in early August 2016.

¶4 In January 2017, Plaintiff sent Defendants a proposed toxicology protocol under which Plaintiff's expert planned to test the blood. According to Plaintiff, the testing would be "more extensive and detailed" than DPS's testing, which had revealed no quantitative amount of any drug and only a trace amount of metabolite for the prescription drug that Knoll admitted he had ingested the night before the collision. Defendants, who claim that they were never before told of the blood sample's transfer to Plaintiff, refused to consent to the proposed testing.

¶5 Plaintiff filed a motion to compel the testing, and Defendants filed a motion for protective order. The superior court granted Plaintiff's motion and denied Defendants'. Defendants seek relief by way of special action.

## JURISDICTION

¶6 We accept special-action jurisdiction because this case concerns a non-appealable discovery order and the interpretation and application of a statute. *See Green v. Nygaard*, 213 Ariz. 460, 462, ¶ 6 (App. 2006); *Nordstrom v. Cruikshank*, 213 Ariz. 434, 438, ¶ 9 (App. 2006).

## DISCUSSION

¶7 Nothing in the civil rules expressly bars a plaintiff from discovering a blood sample held by law enforcement.[1] *See* Ariz. R. Civ. P. 45(a)(1)(C)(ii) (providing that litigant may cause issuance of subpoena commanding recipient to "produce and permit inspection, copying, testing, or sampling of designated . . . tangible things in that person's possession, custody, or control"); *United States v. Kriesel*, 720 F.3d 1137, 1145 (9th Cir. 2013) (holding that blood obtained as condition of supervised release is "property" for purposes for Fed. R. Crim. P. 41 because it is a "tangible object"); *see also* A.R.S. §§ 13-3911 (providing that search warrant may issue

---

[1] Relatedly, blood testing is not specifically prohibited in the context of physical and mental examinations under the civil rules. *See* Ariz. R. Civ. P. 35(a) (providing that court may order party "to submit to a physical or mental examination by a physician or psychologist," and must specify the "scope of the examination").

for search of "personal property, persons or items"), -105(37) (defining "property" as "anything of value, tangible or intangible"); *State v. Butler*, 232 Ariz. 84, 92, ¶ 37 (2013) (describing search warrant as means for obtaining blood samples in DUI investigations). Further, nothing in A.R.S. § 13-3920, which governs law enforcement's retention of property seized under a warrant, specifically prohibits disclosure of a blood sample to a civil litigant. *See* A.R.S. § 13-3920 (providing for release of seized property to "the court in which the warrant was issued, or any other court in which such property or things is sought to be used as evidence"); *cf.* A.R.S. §§ 13-610(A)-(F), (I) (providing that bodily substances obtained by correctional or probation departments for purposes of creating DNA database may be used only in criminal, juvenile-adjudication, or sexually-violent-person proceedings, or for law enforcement identification purposes). But § 13-3920 expressly requires a court order before property may be released, and therefore removes property seized under a warrant from the type of evidence that may be obtained via civil subpoena:

> *All* property or things taken on a warrant *shall be retained* in the custody of the seizing officer or agency which he represents, *subject to the order of the court* in which the warrant was issued, or any other court in which such property or things is sought to be used as evidence.

(Emphases added.)

¶8    Section 13-3920's requirement for a court order is not a meaningless procedural hoop—it requires the court to hear all parties before evidence from a criminal investigation may be released. Plaintiff's failure to obtain a court order in this case therefore requires that we grant relief.[2]

¶9    We do not decide whether a request for an order under § 13-3920 should be granted in this case. We do not decide, for example, whether Plaintiff's request to test the blood would qualify as "s[eeking] to [ ] use [the property] as evidence" for purposes of § 13-3920, whether DPS is precluded from releasing the blood under § 13-4221, or whether Plaintiff's proposed testing is barred by privacy, destructive-testing, or other concerns.

---

[2]    A subpoena is not a court order. Rule 45 specifically acknowledges the distinction. *See* Ariz. R. Civ. P. 45(b)(5).

## CONCLUSION

¶10      For the reasons set forth above, we accept jurisdiction and grant relief.



AMY M. WOOD • Clerk of the Court
FILED: AA