VÁSQUEZ, Presiding Judge:
¶ 1 In this special action, Ali Alsarraf challenges the respondent judge's ruling on his appeal from Tucson City Court, in which it reversed the city court's order suppressing breath evidence against him in a prosecution for driving with a blood alcohol concentration of .08 or more and driving under the influence of an intoxicant (DUI). Exercise of our special-action jurisdiction is appropriate when a party lacks "an equally plain, speedy, and adequate remedy by appeal." Ariz. R. P. Spec. Act. 1(a). And it is particularly so when, as here, the issues are ones "of statewide importance," "of first impression," or "that are likely to arise again." State ex rel. Romley v. Martin , 203 Ariz. 46, ¶ 4, 49 P.3d 1142 (App. 2002), aff'd, 205 Ariz. 279, 69 P.3d 1000 (2003). We therefore accept jurisdiction.
¶ 2 Alsarraf was arrested for DUI in August 2014. The investigating officer advised him, "Arizona law requires you to submit to and successfully complete tests of breath, blood or other bodily substance ... to determine alcohol concentration or drug content." Alsarraf agreed, and the officer administered a breath test.
*159 ¶ 3 Alsarraf filed a motion to suppress the results of the test, arguing that his agreement to the test had been coerced by the officer's admin per se admonition, quoted above, citing State v. Valenzuela , 239 Ariz. 299, 371 P.3d 627 (2016). He also claimed that the good-faith exception to the exclusionary rule did not apply because his arrest occurred after the decision in State v. Butler , 232 Ariz. 84, 302 P.3d 609 (2013).
¶ 4 At the suppression hearing, Alsarraf contended that, because Valenzuela did not distinguish between blood and breath tests, it gave Arizonans broader protection than the Fourth Amendment under the Supreme Court's decision in Birchfield v. North Dakota , --- U.S. ----, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016). Additionally, Alsarraf submitted a supplemental memorandum at the city court's invitation, arguing that the Arizona Constitution offered greater privacy protection than the Fourth Amendment and that Arizona law had never made a distinction between the types of chemical testing, thereby requiring valid consent independent of Fourth Amendment concerns. The city court denied the motion to suppress, but subsequently vacated its ruling, and ordered argument on the question of Arizona's statutory good-faith exception. It cited this court's decision in State v. Navarro , in which we rejected a claim that the Arizona Constitution provides greater privacy protection as to breath testing. 241 Ariz. 19, ¶ 5, 382 P.3d 1234 (App. 2016).
¶ 5 In a subsequent memorandum, and at oral argument in the city court, Alsarraf maintained A.R.S. § 28-1321 required voluntary consent for any kind of testing. He further argued suppression was required and the good-faith exception set forth in A.R.S. § 13-3925 did not apply. His arguments on the later point paralleled those made by the defendant in State v. Weakland , No. 2 CA-CR 2016-0186, --- Ariz. ----, --- P.3d ----, 2017 WL 5712585 (Ariz. Ct. App. Nov. 28, 2017) -that there had been no clear, controlling precedent, the law was unsettled, and Butler should have suggested a change even if there had been a precedent before it.
¶ 6 The city court concluded Alsarraf's agreement to the test had not been voluntary and suppression was appropriate. It further concluded that the state had not met its burden to establish that the good-faith exception to the search-warrant requirement applied. It determined that, under either the Fourth Amendment analysis or the statutory good-faith provision, our supreme court's decision in Butler undercut existing law on the admonition in such a way that law enforcement could no longer rely on earlier cases validating the admonition.
¶ 7 The state appealed to the superior court. Relying on our decision in Weakland , --- P.3d ----, 2017 WL 5712585, the respondent judge concluded the good-faith exception applied and reversed the city court's suppression ruling.
¶ 8 In his special-action petition, Alsarraf argues that the respondent failed to defer to the city court's findings as to the totality of the circumstances in determining voluntariness of consent and that the good-faith exception should not apply. Alsarraf contends the respondent did not "giv[e] due deference to the findings of the trial court" that his "consent was involuntarily obtained." But the respondent did not address the voluntariness question directly, instead deciding the matter on a good-faith analysis. Indeed, in view of our supreme court's decision in Valenzuela , Alsarraf's agreement, like that given by Valenzuela, was clearly not voluntary but was given in response to a coercive admonition telling him he was "require[d]" to submit.[1]
¶ 9 On the question of good faith, the respondent determined that, "[a]t the time of [Alsarraf's] arrest, the courts of this state had not concluded the admin per se admonition," which had previously been approved by *160 those courts, "was coercive, ineffective, or otherwise negated consent after Butler ." Relying on Valenzuela and Weakland , the respondent concluded the officers had acted in good faith. Indeed, we rejected Alsarraf's arguments to the contrary in our opinion in Weakland . --- P.3d at ----, 2017 WL 5712585, ¶¶ 10-24.
¶ 10 While he primarily relies on a Fourth Amendment good-faith analysis, Alsarraf also cites § 13-3925, which sets forth Arizona's statutory good-faith exception. That statute provides:
If a party in a criminal proceeding seeks to exclude evidence from the trier of fact because of the conduct of a peace officer in obtaining the evidence, the proponent of the evidence may urge that the peace officer's conduct was taken in a reasonable, good faith belief that the conduct was proper and that the evidence discovered should not be kept from the trier of fact if otherwise admissible.
§ 13-3925(B). It further directs, "The trial court shall not suppress evidence that is otherwise admissible in a criminal proceeding if the court determines that the evidence was seized by a peace officer as a result of a good faith mistake or technical violation." § 13-3925(C). And it defines a "[t]echnical violation" as "reasonable good faith reliance on ... [a] controlling court precedent that is later overruled, unless the court overruling the precedent orders the new precedent to be applied retroactively." § 13-3925(F)(2)(c).
¶ 11 The statute's directive that actions taken in reliance on "controlling court precedent" are not subject to exclusion closely matches the standard applied in a Fourth Amendment exclusionary rule analysis that "searches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule." State v. Jean , 243 Ariz. 331, ¶ 40, 407 P.3d 524 (2018), quoting Davis v. United States , 564 U.S. 229, 232, 131 S.Ct. 2419, 180 L.Ed.2d 285 (2011). In this context, particularly in the absence of any distinguishing argument from Alsarraf, we conclude that the good-faith exception under the statute is coextensive with the Fourth Amendment exception. Thus, following our analysis in Weakland , we agree with the respondent that the officer acted in good faith, relying on pre- Valenzuela law in this state. See Weakland , --- P.3d at ----, 2017 WL 5712585, ¶¶ 10-24.
¶ 12 Therefore, although we accept special-action jurisdiction, we deny relief.

Based on the Supreme Court's decision in Birchfield , --- U.S. at ----, 136 S.Ct. at 2184, breath tests administered as a search incident to arrest do not pose a Fourth Amendment problem. This court, however, has determined that § 28-1321 requires voluntary agreement to a test, as a statutory matter, independent of Fourth Amendment concerns. Diaz v.Bernini , No. 2 CA-SA 2017-0081, ¶¶ 9, 13-14, --- Ariz. ----, --- P.3d ----, 2018 WL 1783113 (Ariz. Ct. App. Apr. 12, 2018).