NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RICHARD LEE DENNIS, *Appellant.*

No. 1 CA-CR 17-0495
FILED 5-10-2018

Appeal from the Superior Court in Maricopa County
No. CR2015-155388-001
The Honorable Bradley H. Astrowsky, Judge

**AFFIRMED**

COUNSEL

Wendy L. Mays, Attorney at Law, Phoenix
By Wendy L. Mays
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Michelle L. Hogan
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

---

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Kenton D. Jones joined.

---

**M O R S E**, Judge:

¶1 Richard Lee Dennis ("Dennis") appeals his convictions and sentences for possession of narcotic drugs, possession of drug paraphernalia, and resisting arrest. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 The evidence at trial, viewed in the light most favorable to supporting the convictions,[1] showed that at approximately 10:00 p.m. on December 5, 2015, police officers on patrol in Phoenix stopped a car because its insurance was suspended, and registration was expired. After the officers activated their lights and sirens to indicate a traffic stop, the car quickly pulled into the opposite lane against traffic and stopped in front of a residence. As the officers were exiting their vehicle, the passenger door of the stopped car opened, and Dennis attempted to get out. The officers instructed him to remain in the car, and Dennis replied that he lived at the residence and wanted to go inside. The officers told him to sit back down and he would be allowed to leave "in a minute if [everything was] good."

¶3 The officers ran the occupants' drivers licenses to check for outstanding warrants. The search returned no warrants or other violations, and the officers handed the licenses back to the driver and Dennis. At that point, one officer noticed a green leafy substance, which he believed to be marijuana, in the center console cup holders. The officers then asked Dennis and the driver to get out of the car so that the officers could investigate the substance without risk of contamination or destruction.

¶4 When Dennis got out of the car, one officer asked if he had anything illegal on him. Dennis said he did not. When the officer asked if he could search, Dennis said "that's fine; I got nothing on me." The officer searched Dennis and, in Dennis's pants pocket, found a glass pipe commonly used for smoking crack. Dennis said he had just put the pants

---

[1] *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015).

on and knew nothing about the pipe. The other officer continued the search and found black tar heroin in Dennis's wallet.

¶5          After searching Dennis, the officers turned their attention to the driver and searched the car. While the officers were distracted, Dennis grabbed the evidence bags containing the pipe and heroin and ran to the back of the house, shouting for help. After a pursuit and struggle, the officers managed to handcuff and arrest him. While the officers were chasing and struggling with Dennis, the driver got back in the car, drove away, and was never arrested. Dennis was subsequently charged with two counts of possession or use of narcotic drugs, two counts of possession of drug paraphernalia, and one count of resisting arrest.

¶6          Before trial, Dennis moved to suppress the evidence recovered from the search on the basis that it was obtained in violation of the Fourth Amendment to the United States Constitution. Specifically, Dennis argued he was illegally seized when the officer told him to sit back in the car during the traffic stop, and that the subsequent search was illegal because he did not voluntarily consent.

¶7          Following an evidentiary hearing in which one of the investigating officers testified and Dennis introduced a stipulated statement denying that he consented to the search, the superior court denied Dennis's motion to suppress. The court found that Dennis was legally seized as a passenger in a lawfully stopped vehicle. The superior court further acknowledged Dennis's argument that he would not have consented to a search given his prior experiences with the police. However, the court was convinced by the credible testimony of the police officer and found that Dennis consented to the search and that the consent was voluntary.

¶8          Dennis timely appealed his resulting convictions and sentences. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033.

## DISCUSSION

¶9          Dennis argues the superior court erred when it denied his motion to suppress the evidence. We review the superior court's ruling on a suppression motion for abuse of discretion, consider only the evidence presented at the suppression hearing, and view the evidence "in a light most favorable to sustaining the trial court's ruling." *State v. Adair*, 241 Ariz. 58,

60, ¶ 9 (2016). While we must defer to the superior court's factual findings, we conduct de novo review of its legal conclusions. *Id*.

## I. Seizure.

**¶10** Dennis contends that the police did not have reasonable suspicion to seize him during the traffic stop. However, Dennis does not dispute that the officers witnessed a traffic violation. Therefore, the stop of the car to investigate the suspected traffic violation was valid. *Arizona v. Johnson*, 555 U.S. 323, 327 (2009); *see also State v. Starr*, 222 Ariz. 65, 69, ¶ 12 (App. 2009) (finding that reasonable suspicion is sufficient to justify a traffic stop); A.R.S. § 28-1594 (providing that officers "may stop and detain a person as is reasonably necessary to investigate an actual or suspected [traffic] violation").

**¶11** Because Dennis does not challenge the basis for the traffic stop, he cannot complain of his detention. When officers stop a car for a traffic violation, they may seize "everyone in the vehicle, the driver and all passengers." *Johnson*, 555 U.S. at 327 (internal quotation marks omitted). "[A] traffic stop of a car communicates to a reasonable passenger that he or she is not free to terminate the encounter with the police and move about at will." *Id*. at 333. Thus, the officers legally seized Dennis when they told him to remain in the car.

**¶12** Dennis argues the officers did not have the right to prolong their investigation after witnessing marijuana in the vehicle because Arizona allows medical marijuana. While a traffic stop must last "no longer than is necessary to effectuate the purpose of the stop," officers may prolong such stops if, "during the encounter, the officer develops a reasonable and articulable suspicion that criminal activity is afoot." *State v. Sweeney*, 224 Ariz. 107, 112, ¶ 17 (App. 2010). The plain view of marijuana in the vehicle established reasonable suspicion to extend the traffic stop. *See State v. Cheatham*, 240 Ariz. 1, 3, ¶¶ 8-10 (2016) (despite the passage of the Arizona Medical Marijuana Act, the smell of marijuana established probable cause that a vehicle contained evidence of criminal activity); *see also Maryland v. Pringle*, 540 U.S. 366, 371-72 (2003) (finding probable cause to arrest all three occupants of a car when officers found $763 in the glove box and five baggies of cocaine "behind the back seat armrest and accessible to all three men"); *State v. Sisco*, 239 Ariz. 532, 553-54, ¶¶ 16-17 (2016) (sight of marijuana is indicative of criminal activity).

¶13        Here, Dennis was properly seized as part of a legal traffic stop and the officers had reasonable suspicion to prolong the traffic stop after they saw marijuana in the car.

## II.    Search.

¶14        Dennis argues that the superior court erred in denying his motion to suppress because he did not give the officers permission to search his pockets.  Dennis also contends that any consent he gave the officers was neither informed nor voluntary.  Contrary to Dennis's arguments, the record supports the superior court's decision to deny suppression of the evidence obtained from the search of Dennis's person.

¶15        Pursuant to the Fourth Amendment of the United States Constitution and Article 2, Section 8, of the Arizona Constitution, persons are protected from unreasonable searches and seizures.  *State v. Allen*, 216 Ariz. 320, 323, ¶ 9 (App. 2007).  When a violation of the Fourth Amendment or its state counterpart is determined to have occurred, the exclusionary rule generally requires the suppression at trial of any evidence directly or indirectly gained as a result of the violation.  *State v. Schinzel*, 202 Ariz. 375, 382, ¶ 28 (App. 2002).  "Although the Fourth Amendment generally prohibits warrantless searches, they are permitted if there is free and voluntary consent to search."  *State v. Valenzuela*, 239 Ariz. 299, 301, ¶ 1 (2016).

¶16        Relying on *United States v. Crapser*, Dennis contends that the factors to be considered in determining the voluntariness of consent are: "(1) whether the defendant was in custody; (2) whether the arresting officers had their guns drawn; (3) whether Miranda warnings were given; (4) whether the defendant was notified that [he] had a right not to consent; and (5) whether the defendant has been told a search warrant could be obtained."  472 F.3d 1141, 1149 (9th Cir. 2007).  However, this Court is not bound by Ninth Circuit precedent, *State v. Montano*, 206 Ariz. 296, 297 n.1, ¶ 1 (2003), and the U.S. Supreme Court and the Arizona Supreme Court have repeatedly held that "voluntariness of consent to a search must be 'determined from the totality of all the circumstances,'" *Birchfield v. North Dakota*, 136 S. Ct. 2160, 2186 (2016) (*quoting Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973)).  *See also State v. Butler*, 232 Ariz. 84, 87, ¶ 13 (2013) (same).

¶17        Under the consent exception to the warrant requirement, the State must show a person's consent to search by a preponderance of the evidence.  *Valenzuela*, 239 Ariz. at 302-03, ¶ 11.  Moreover, the consent must

be intelligently and voluntarily given. *Schnecklotch*, 412 U.S. at 227, 235-36. Consent must "not be coerced, by explicit or implicit means, by implied threat or covert force." *Id.* at 228. The question is whether a reasonable person in that specific circumstance would have felt free to refuse a search. *United States v. Drayton*, 536 U.S. 194, 202 (2002).

**¶18** Here, the court weighed the stipulated statement, in which Dennis denied consenting to the search, against the officer's testimony that Dennis agreed to his request to search. The superior court found that the officer's testimony was more credible and nothing in the record provides any reason to second guess that factual finding.

**¶19** The record similarly supports the court's finding that Dennis's consent was voluntary. The court considered evidence that Dennis was cooperative with the officers and his demeanor was calm and confident. Additionally, when Dennis consented to the search, he was not under arrest or in handcuffs, and the officers had not drawn their guns. Deferring to the court's factual findings and viewing the evidence in the light most favorable to upholding the court's decision, we find that the court did not err in finding Dennis voluntarily consented to the search. *Adair*, 241 Ariz. at 60, ¶ 9.

**¶20** Therefore, the court did not abuse its discretion in denying Dennis's motion to suppress.

## CONCLUSION

**¶21** For the foregoing reasons, we affirm Dennis's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:  AA