NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

v.

KELLY ANN HERMANSON,
*Appellant*.

No. 1 CA-CR 19-0519

FILED 6-30-2020

Appeal from the Superior Court in Yavapai County
No. V1300CR201880086
The Honorable Christopher L. Kottke, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

The Zickerman Law Office, PLLC, Flagstaff
By Adam Zickerman
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

_____

**W E I N Z W E I G**, Judge:

¶1         Kelly Anne Hermanson appeals her convictions and sentences for three felonies.  She argues the State violated her Fourth Amendment rights.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2         Three juvenile probation officers and five narcotics police officers were scheduled to conduct a probation search of Hermanson's home.  The juvenile probationer was Hermanson's daughter.  She was hospitalized at the time and officers wanted to ensure she would be released into a safe environment.  This is a common practice — narcotics police officers help probation officers conduct residential probation searches where narcotics expertise might be helpful.

¶3         Hermanson answered the door.  The probation officers spoke with Hermanson about the probation search and entered the home.  The narcotics officers followed.   All the officers searched the juvenile probationer's bedroom and common areas.   They found drug paraphernalia in the daughter's bedroom and the kitchen.

¶4         Hermanson volunteered to officers that she had previously confiscated her daughter's syringe.  The testimony diverges from there.  Hermanson claims she told officers the syringe was in her garage, but officers insisted on searching Hermanson's bedroom without her consent.  A narcotics officer provided a different version of events.  The officer testified that Hermanson offered to retrieve the syringe from her bedroom and allowed two narcotics officers to follow.  The narcotics officer explained that Hermanson entered her bedroom to search and the officers stopped just inside the bedroom door.  The first officer spotted an open shoe box near Hermanson's bed that contained glass pipes and residue.  When asked about it, Hermanson said she had also confiscated that drug paraphernalia from her daughter.  The officer asked if the bedroom contained any other "illegal contraband."   Hermanson said no.  A second officer then asked

Hermanson for consent to search the bedroom, advising "that it was her choice" and "[s]he had the right to refuse." Hermanson granted consent. In the bedroom, the narcotics officers found almost eight grams of heroin and several items of drug paraphernalia with residue. Hermanson was arrested. After receiving her Miranda warnings, Hermanson told officers about more drug paraphernalia in the garage, which officers then found along with heroin and methamphetamine residue.

¶5        Hermanson was indicted for one count of possession of narcotic drugs for sale and two counts of possession of drug paraphernalia. She moved to suppress all evidence and statements from the residential search. The superior court denied her motion. Hermanson was convicted of both drug paraphernalia counts and one count of the lesser-included possession of narcotic drugs. She was sentenced to four years' probation and 120 days in jail. She timely appeals.

## DISCUSSION

¶6        Hermanson only argues the superior court should have suppressed all evidence seized from the warrantless search of her bedroom in violation of the Fourth Amendment. The State counters that officers obtained Hermanson's consent to search the bedroom.

¶7        We review the superior court's ruling on a motion to suppress evidence for a clear abuse of discretion. *State v. Spears*, 184 Ariz. 277, 284 (1996). "We look only to the evidence presented at the suppression hearing, and we view the facts in the light most favorable to upholding the trial court's ruling." *State v. Moore*, 183 Ariz. 183, 186 (App. 1995) (citation omitted). "[W]e defer to the trial court's factual findings, including findings on credibility and [on] the reasonableness of the inferences drawn by the officer, but we review de novo mixed questions of law and fact and the trial court's ultimate legal conclusion[ ]" whether a search was lawful. *See State v. Teagle*, 217 Ariz. 17, 22, ¶ 19 (App. 2007).

¶8        We find no abuse of discretion. The Fourth Amendment to the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV; *State v. Wilson*, 237 Ariz. 296, 298, ¶ 7 (2015). A warrantless search is reasonable only if it falls under an exception to the warrant requirement. *Riley v. California*, 573 U.S. 373, 382 (2014). "Consent can [] allow a warrantless search, provided the consent is voluntary." *State v. Butler*, 232 Ariz. 84, 87, ¶ 13 (2013).

**¶9** The superior court heard conflicting testimony from Hermanson and two narcotics officers on whether Hermanson consented for officers to search her bedroom and found that Hermanson did consent. "[T]he resolution of conflicts in testimony is the function of the trial court." *State v. Sherron*, 105 Ariz. 277, 278-79 (1970). We defer "to the trial court's factual findings, including findings regarding" the credibility of witnesses. *See State v. Gonzalez-Gutierrez*, 187 Ariz. 116, 118 (1996). The court found the officer's testimony more credible. The court also questioned Hermanson's testimony, which did not account for large segments of time and was illogical, including that officers would insist on first searching Hermanson's bedroom after and despite being told about illegal drug paraphernalia in the garage. The record includes reasonable evidence to support the court's holding.

**CONCLUSION**

**¶10** We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA